KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Kevin Gunn,                         )     No. CV 1-08-1038-JMR
                                    )
            Plaintiff,              )     **ORDER**
                                    )
vs.                                 )
                                    )
James Tilton, et al.,               )
                                    )
            Defendants.             )
_____)

        Plaintiff Kevin Gunn, who is confined in the Chuckawalla Valley State Prison, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).  This case was reassigned to the undersigned judge on November 25, 2008.  The Court will dismiss the Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

JDDL

1    before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

2    (*en banc*).

3           The Court should not, however, advise the litigant how to cure the defects.  This type

4    of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

5    Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

6    whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint

7    will be dismissed with leave to amend because the Complaint may possibly be saved by

8    amendment.

9           Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

10   of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be

11   simple, concise, and direct."  A complaint having the factual elements of a cause of action

12   scattered throughout the complaint and not organized into a "short and plain statement of the

13   claim" may be dismissed for failure to satisfy Rule 8(a).  See Sparling v. Hoffman Constr.

14   Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.

15   1996).  Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state

16   claims in "numbered paragraphs, each limited as far as practicable to a single set of

17   circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each

18   claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

19   Fed. R. Civ. P. 10(b).  It is not the responsibility of the Court to review a rambling narrative

20   in an attempt to determine the number and nature of a plaintiff's claims.

21          Although Plaintiff has used a court-supplied form, the Court has reviewed Plaintiff's

22   Complaint and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of

23   Civil Procedure.  Plaintiff's Complaint is nothing more than a lengthy narrative.  The Court

24   cannot meaningfully review the Complaint, as required by 28 U.S.C. § 1915A(a).

25   Accordingly, the Court will dismiss the Complaint with leave to amend.

26   **II.    Leave to Amend**

27          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

28   comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Within 30 days,

1    Plaintiff may submit a first amended complaint on the form provided with this Order.  If
2    Plaintiff fails to use the form provided with this Order, the Court may strike the amended
3    complaint and dismiss this action without further notice to Plaintiff.

4         Plaintiff must clearly designate on the face of the document that it is the "First
5    Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety
6    on the form provided with this Order and may not incorporate any part of the original
7    Complaint by reference.

8         Plaintiff must comply with the instructions provided with the form.  Plaintiff should
9    pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
10   with the instructions provided with the form, the Court may strike the amended complaint
11   and dismiss this action without further notice to Plaintiff.

12        Among other requirements contained in the instructions, Plaintiff must provide
13   information in an amended complaint regarding the Court's jurisdiction and the defendants,
14   and he must **divide his lawsuit into separate counts**.  In each count, Plaintiff must **identify**
15   **the federal constitutional civil right allegedly violated**, check the box for the issue most
16   closely involved, state how each defendant participated in the alleged violation at issue,
17   explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff
18   exhausted any available administrative remedies.  Plaintiff must repeat this process for each
19   civil rights claim.  Plaintiff may allege only one claim per count.

20        A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
21   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
22   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
23   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
24   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d
25   565, 567 (9th Cir. 1987).

26   . . . .

27   . . . .

28   . . . .

JDDL                                                      - 3 -

1  **III.    Warnings**

2      **A.    Address Changes**

3  Plaintiff must file and serve a notice of a change of address in accordance with Rule

4  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

5  a motion for other relief with a notice of change of address.  Failure to comply may result in

6  dismissal of this action.

7      **B.    Copies**

8  Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

9  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

10  notice to Plaintiff.

11      **C.    Possible Dismissal**

12  If Plaintiff fails to timely comply with every provision of this Order, including these

13  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

14  1260-61 (a district court may dismiss an action for failure to comply with any order of the

15  Court).

16  **IT IS ORDERED:**

17  (1)    The Complaint (Doc. #1) is **dismissed** for failure to comply with Rules 8 and

18  10 of the Federal Rules of Civil Procedure.  Plaintiff has **30 days** from the date this Order

19  is filed to file an amended complaint in compliance with this Order.

20  (2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

21  Court must, without further notice, enter a judgment of dismissal of this action with

22  prejudice.

23  . . . .

24  . . . .

25  . . . .

26  . . . .

27  . . . .

28  . . . .

1   (3)   The Clerk of Court must include with this Order a copy of this judge's required

2   form for filing a civil rights complaint by a prisoner.

3   DATED this 11th day of February, 2009.

4

5

6

7   _____

8   John M. Roll
    Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint in the
United States District Court for the Eastern District of California**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

7.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

Revised 12/1/08                    1

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)
_____
(Signature)

8.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  **Any allegations or defendants not included in the amended complaint are considered dismissed**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

9.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

10.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

11.  Completing the Civil Rights Complaint Form.

**HEADING:**
    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**
    1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for

federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

## Part B.  PREVIOUS LAWSUITS:

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

## Part C.  CAUSE OF ACTION:

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.  State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
    Print the relief you are seeking in the space provided.

**SIGNATURE:**
    You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**


    You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ , )
(Full Name of Plaintiff)          Plaintiff,     )
                                                )
                           vs.                  )   **CASE NO.** _____
                                                )        (To be supplied by the Clerk)
(1)_____ , )
(Full Name of Defendant)                        )
(2)_____ , )
                                                )   **CIVIL RIGHTS COMPLAINT**
(3)_____ , )        **BY A PRISONER**
                                                )
(4)_____ , )   ☐ Original Complaint
                           Defendant(s).        )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:

_____at_____.
               (Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

       _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

       _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care

☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation

☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies:**

   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes     ☐ No

   b.    Did you submit a request for administrative relief on Count I?          ☐ Yes     ☐ No

   c.    Did you appeal your request for relief on Count I to the highest level?          ☐ Yes     ☐ No

   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
     ☐ Basic necessities        ☐ Mail        ☐ Access to the court     ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count II?      ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?              ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                 DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.