# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Gunn,<br><br>           Plaintiff,<br><br>vs.<br><br>James Tilton, et al.,<br><br>           Defendants. | No. CV 1-08-01038-JMR<br><br>**ORDER** |

Pending before the Court are Defendants' "Objections to Scheduling Order and Request for Modified Scheduling Order," (Doc. No. 26) filed on October 23, 2009.

**IT IS HEREBY ORDERED** that Defendants' Objections are **GRANTED**, but only as follows:

1) Defendants' motion to modify the scheduling order is granted as to Defendants' request that all discovery, including the exchange of witness lists and the deposition of Plaintiff, be completed by a single date. Thus, all discovery, including the exchange of witness lists and the deposition of Plaintiff, shall be completed by **April 19, 2010**.

2) Defendants' motion to modify the scheduling order is granted as to Defendants' request that the ten (10)-day response time be altered to eighteen (18) days. However, the 45-day response time and 20-day reply time requirement for Rule 56 motions for summary judgment and Rule 12(b)(1) motions to dismiss shall remain as previously ordered in the October 16, 2009 Scheduling Order.

3) All of Defendants' other "objections" and requests for modification are overruled and denied.  Importantly, Defendants' concerns about the travel costs involved in preparing a joint proposed pretrial order are unfounded.  Defendants are directed to review Section D of the October 16, 2009 Scheduling Order, which states that "[i]f the parties and counsel are unable to prepare a joint proposed pretrial order, a separate proposed pretrial order shall be submitted to the Court accompanied by a statement why the preparation of the joint proposed pretrial order could not be completed through *written correspondence*." (emphasis added).  Section D of that Order thus presents a solution to Defendants' concern that traveling to meet with inmates at the institutions in which the inmates are incarcerated could become cost-prohibitive.

Finally, in considering Defendants' objections, the Court focuses on the substance of the objections and chooses to ignore the harsh rhetoric.  However, nothing in the local rules of the Eastern District of California precludes this Court from deviating from the presumptive deadlines and procedures set out in the local rules.

DATED this 27th day of October, 2009.

_____
John M. Roll
Chief United States District Judge