IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Kevin Gunn,             )
      Plaintiff,     )  No. CV 1-08-01038-JMR
                      )  **ORDER**
vs.                     )
                      )
James Tilton, et al.,   )
      Defendants.    )

Defendants have filed a Motion for Summary Judgment (Doc. #41) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]*

The Defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot

---

[1] *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

1  simply rely on what your complaint says. Instead, you must set out specific facts in
2  declarations, depositions, answers to interrogatories, or authenticated documents, as
3  provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and
4  documents and show that there is a genuine issue of material fact for trial. If you do not
5  submit your own evidence in opposition, summary judgment, if appropriate, may be entered
6  against you. If summary judgment is granted, your case will be dismissed and there will be
7  no trial. The declarations or other sworn testimony setting out your specific facts must be
8  made on personal knowledge, must set forth such facts as would be admissible as evidence,
9  and must affirmatively show that the affiant is competent to testify regarding the matters in
10 the declaration or other sworn testimony. *See* Local Rules of the United States District
11 Court for the Eastern District of California ("L.R.") 43-142. If the Court determines that
12 any of the declarations or other sworn testimony are made in bad faith, the Court may order
13 the party employing the bad faith to pay the other party for costs associated with
14 controverting that testimony, including the other party's attorney's fees.

15 　　　　In addition, L.R. 56-260(b) requires that you include, as a document separate from
16 your Response to the Motion for Summary Judgment, a statement of the specific facts on
17 which you are relying in opposing the Summary Judgment motion. In this statement of
18 facts, you cannot provide a general description of the facts. Instead, you must list each
19 specific fact on which you rely in a separately numbered paragraph, and must explain where
20 in the record that fact can be found. For example, if one of your facts is that a certain prison
21 official did something, you must explain where that fact can be found – in a certain
22 declaration, affidavit, deposition, answer to interrogatories, authenticated document, etc.

23 　　　　You must timely respond to all motions. The Court may, in its discretion, treat your
24 failure to respond to Defendants' Motion for Summary Judgment as a consent to the
25 granting of that Motion without further notice, and judgment may be entered dismissing this
26 action with prejudice pursuant to L.R. 78-230(l). *See Brydges v. Lewis*, 18 F.3d 651 (9th
27 Cir. 1994) (*per curiam*). Local Rule 78-230(l) states in part:

28

A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Pursuant to the Scheduling Order in this case, you must file any response to Defendants' Motion for Summary Judgment within forty-five (45) days from the date of service of the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion for Summary Judgment, together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits, within **forty-five (45)** days after service of Defendants' motion.

**IT IS FURTHER ORDERED** that Defendants may file a reply within **twenty (20)** days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 24th day of May, 2010.

_____
John M. Roll
Chief United States District Judge