IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Gunn,<br>      Plaintiff,<br>vs.<br>James Tilton, et al.,<br>      Defendants. | No. CV 1-08-01038-JMR<br>**ORDER** |

Pending is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 28). Plaintiff's motion is granted in part and denied in part.

**I. Background**

On July 21, 2008, Plaintiff Kevin Gunn, who is confined in Chuckawalla Valley State Prison, filed this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). On February 11, 2009, this Court dismissed the Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and gave Plaintiff 30 days to file an amended complaint. On March 6, 2009, Plaintiff filed his First Amended Complaint (Doc. 14). The Court subsequently ordered Defendants Correctional Sergeant Coontz and Correctional Officers Medina (Garza), Nunley, Phipps, and Robb to answer Plaintiff's First Amended Complaint. Defendants filed their Answers on August 14, 2009 (Doc. 22) and August 21, 2009 (Doc. 23).

Plaintiff's lawsuit arises out of an incident on March 24, 2007, in which physical force and chemical agents were used to restrain Plaintiff in the dining hall of the California

1  Correctional Institution ("CCI"), Tehachapi.  Plaintiff alleges that Defendants Garza and
2  Nunley violated Plaintiff's Eighth and Fourteenth Amendment rights when they used
3  excessive force to restrain him.  Plaintiff also alleges that all of the Defendants violated his
4  Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth
5  Amendment due process rights when they conspired to falsify their incident reports.

6  On December 24, 2009, Plaintiff filed a motion for leave to file an amended complaint
7  (Doc. 28) pursuant to FED. R. CIV. P. 15(a), and lodged his Second Amended Complaint
8  (Doc. 29).  Plaintiff requests leave to amend his complaint in order to "clarify important, but
9  correctable defects regarding the conduct of the defendant[s] who were involved in violating
10 his Constitutional rights" and to add an additional defendant, Acting Warden F. Gonzales.
11 On January 11, 2010, Defendants filed their opposition to Plaintiff's motion to amend the
12 complaint (Doc. 30).  Defendants do not object to Plaintiff amending the complaint to clarify
13 factual allegations.  However, Defendants object to Plaintiff amending the complaint to add
14 Warden Gonzales as a defendant.  Defendants claim that such an amendment would be futile
15 because Plaintiff's proposed amended complaint fails to allege any specific conduct on the
16 part of Warden Gonzales that caused any of Plaintiff's alleged constitutional deprivations.
17 On January 25, 2010, Plaintiff filed an ERRATA page (Doc. 31) and requested that it be
18 attached to his lodged Second Amended Complaint.  In his ERRATA, Plaintiff attempts to
19 add seven paragraphs containing new allegations and claims against Warden Gonzales to the
20 end of his lodged Second Amended Complaint–apparently in response to the futility
21 arguments raised by Defendants in their opposition to Plaintiff's motion to amend the
22 complaint. On January 28, 2010, Plaintiff filed his reply to Defendants' opposition to his
23 motion to amend the complaint (Doc. 32).  On May 19, 2010, Defendants filed a Motion for
24 Summary Judgment (Doc. 41).

25 **II.     Plaintiff's Motion For Leave To File An Amended Complaint**

26 For the reasons stated below, Plaintiff's Motion for Leave to File an Amended
27 Complaint (Doc. 28) is granted in part and denied in part.  According to FED. R. CIV. P.
28 15(a), leave to amend should be given freely when justice so requires.  There is a

presumption in favor of granting leave to amend under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)).

Defendants do not object to Plaintiff amending his complaint to clarify factual allegations. Therefore, Plaintiff may amend his complaint to clarify factual allegations as he has already done in the lodged Second Amended Complaint.

However, Plaintiff may not amend his complaint to add Warden Gonzales as a defendant based solely upon the allegations recited in Plaintiff's lodged Second Amended Complaint. To state a valid claim under § 1983, a plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)

Plaintiff's amendment of the complaint to add Warden Gonzales as a defendant is futile because Plaintiff's claim against Warden Gonzales is based, at best, on a failure to remedy allegedly unconstitutional behavior by others. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (defendants did not commit constitutional violations when they denied administrative grievances, failed to intervene on plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior). In his lodged Second Amended Complaint, Plaintiff

claims that Warden Gonzales: (1) is "legally responsible for everything that happens in the prison"; (2) "knew about the use of force against plaintiff, because he was given copies of all documents prepared for his review"; and (3) had a "legal duty to deal with the situation" since he knew about the use of excessive force against Plaintiff.  As Defendants point out in their opposition to Plaintiff's motion, Plaintiff merely alleges that Warden Gonzales knew of the use of force after the fact.  There is no *respondeat superior* liability under § 1983 and Plaintiff has not shown an affirmative link between his alleged injury and the conduct of Warden Gonzales.  Thus, amendment of the complaint to add Warden Gonzales would be futile.

In his ERRATA to the lodged Second Amended Complaint, Plaintiff attempts to add seven paragraphs to the end of the Second Amended Complaint–essentially to plead around Defendants' futility arguments.  However, it is not proper for Plaintiff to utilize an ERRATA to add claims and allegations to a lodged second amended complaint, especially after Defendants have filed their opposition to Plaintiff's motion.  Therefore Plaintiff's request that the claims alleged in his ERRATA be appended to his lodged Second Amended Complaint is denied.

Even if the additional allegations contained in Plaintiff's ERRATA are considered by the Court, it is clear that amendment of the complaint to add Warden Gonzales as a defendant would still be futile, as Plaintiff's allegations are vague and conclusory and are inadequate to support a viable constitutional claim under 42 U.S.C. § 1983.  In his reply to his motion to amend (Doc. 32), Plaintiff claims that Warden Gonzales is not liable on the basis of respondeat superior.  Rather, Plaintiff claims that liability is premised on: (1) "Gonzales's failure to train, supervise and discipline [Defendants] . . . thereby creating the conditions which proximately caused the constitutional deprivation" and (2) "Gonzales's failure to investigate allegations of misconduct and abuse, as his job required him to do, thereby creating the conditions which proximately caused Plaintiff's injuries."

As mentioned previously, in order to state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the

1  conduct of an individual Defendant. *Rizzo*, 423 U.S. at 371-72, 377. To state a claim against
2  a state official, the civil rights complainant must allege that the official personally
3  participated in the constitutional deprivation, or that a state supervisory official was aware
4  of the widespread abuses and with deliberate indifference to the inmate's constitutional rights
5  failed to take action to prevent further misconduct. *King v. Atiyeh*, 814 F.2d 565, 568 (9th
6  Cir. 1987); *see also Monell*, 436 U.S. at 691; *Williams v. Cash*, 836 F.2d 1318, 1320 (11th
7  Cir. 1988). Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S.
8  519 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd.*
9  *of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Rhodes v. Robinson*,
10 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint
11 may not supply essential elements of the claim that were not initially pled. *Ivey*, 673 F.2d
12 at 268.

13         Plaintiff has not described any specific conduct by Warden Gonzales that violated
14 Plaintiff's constitutional rights and led to his injuries. Plaintiff's conclusory and vague
15 allegations that Warden Gonzales "failed in his duties as Acting Warden to exercise proper
16 supervisory authority," "fail[ed] in his duties as Acting Warden to provide proper training
17 and supervision to his subordinates," and did not act "in the face of widespread abuses" are
18 not sufficient to link Plaintiff's injuries to Warden Gonzales.

19         Plaintiff's allegations in his ERRATA are also insufficient to state a failure-to-take-
20 action claim and failure-to-train claim. Plaintiff claims that Warden Gonzales was
21 "deliberately indifferent and acquiesced in the constitutional offensive conduct of his
22 subordinates" when he did not take action "in the face of documented widespread abuses at
23 [CCI]," failed to "take any remedial steps to prevent excessive force," and "knew or should
24 have known that the rule regarding investigations of misconduct and discipline of officers
25 is so inadequate and  deliberately indifferent." However, these claims are vague and
26 conclusory and Plaintiff does not provide any "factual matter, accepted as true, to 'state a
27 claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic*
28 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has not pled "factual content that

1 allows the court to draw the reasonable inference that the defendant is liable for the
2 misconduct alleged." *Id.* Plaintiff has not alleged sufficient factual matter showing that
3 Warden Gonzales was aware of widespread abuses and with deliberate indifference to
4 Plaintiff's constitutional rights failed to take action to prevent further misconduct.

5       To state a claim for failure to train, a plaintiff must allege facts to support that the
6 alleged failure amounted to deliberate indifference. *Cannell v. Lightner*, 143 F.3d 1210,
7 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular
8 training inadequate, but also that such inadequacy was the result of "a 'deliberate' or
9 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez*, 298
10 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the
11 duties assigned to specific officers or employees, the need for more or different training is
12 [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that
13 the policy-makers . . . can reasonably be said to have been deliberately indifferent to the
14 need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))). Plaintiff claims that
15 Warden Gonzales failed to "exercise proper supervisory authority and direction," failed "to
16 provide proper training and supervision to his subordinates," and "failed to discipline and
17 control the behavior of his subordinate employees." Plaintiff does not allege facts describing
18 a specific training policy, nor does he claim that Warden Gonzales deliberately or
19 consciously implemented a program of inadequate training. Again, Plaintiff's claims are
20 vague and conclusory, and inadequate to support a claim of failure to train.

21       In addition, this Court has already given Plaintiff an opportunity to correct the
22 deficiencies in his original Complaint by filing a First Amended Complaint. Subsequently,
23 the Court found that the allegations in Plaintiff's First Amended Complaint adequately stated
24 a claim and ordered Defendants to answer. Defendants answered the First Amended
25 Complaint on August 14 and 21, 2009, and the Court entered its Scheduling Order on
26 October 19, 2009. In addition to the fact that Plaintiff's proposed amendment to add Warden
27 Gonzales as a defendant would be futile as described above, the addition of any defendant
28 to this lawsuit is untimely and inappropriate at this time.

Accordingly, Plaintiff may amend his complaint to "clarify important, but correctable defects regarding the conduct of the defendant[s] who were involved in violating his Constitutional rights," but may not amend the complaint to add Warden Gonzales as a defendant.

### III.    Defendants' Motion for Summary Judgment

Defendants filed their motion for summary judgment on May 19, 2010 (Doc. 41). Plaintiff has yet to file his response and has requested an extension of time to do so.

Because the Court will allow Plaintiff to amend his complaint to clarify factual allegations, Defendants may also amend or supplement their motion for summary judgment. If Defendants do not wish to amend or supplement their motion for summary judgment, they must file a notice alerting the Court to the fact that they do not intend to file an amended motion or supplement. Once Defendants have filed their amended motion or supplement, or their notice of intent not to file an amended motion or supplement, Plaintiff will have 30 days to file his response to Defendants' motion for summary judgment. In filing his response, Plaintiff is directed to the Court's May 24, 2010 Order (Doc. 43) which explains motions for summary judgment under FED. R. CIV. P. 56 and, pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*), warns Plaintiff what he must do to oppose such a motion.

Accordingly,

**IT IS ORDERED** that:

> (1) Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 28) is **granted in part and denied in part**. Within **30 days** of the filing date of this Order, Plaintiff may **amend the complaint** to clarify factual allegations as he has done in his lodged Second Amended Complaint. However, Plaintiff may not amend the complaint to add Warden Gonzales as a defendant.
>
> (2) In light of the Court allowing Plaintiff to amend his complaint to clarify factual allegations, Defendants may **amend or supplement** their motion for summary judgment within **30 days** of the filing date of Plaintiff's amended complaint. Alternatively, if Defendants do not wish to amend or supplement

their motion for summary judgment, they must file a **notice of their intention not to amend or supplement** within **30 days** of the filing date of Plaintiff's amended complaint.

(3) Plaintiff must file his **response** to Defendants' motion for summary judgment within **30 days** of the filing date of Defendant's amended/supplemented motion for summary judgment or the filing date of Defendants' notice of their intention not to amend or supplement their motion for summary judgment.

(4) Plaintiff's requests for an extension of time to file his response to Defendants' motion for summary judgment (Docs. 46, 47, 48) are **denied** as moot in light of this Order.

DATED this 20th day of September, 2010.

John M. Roll
Chief United States District Judge