# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES TILTON, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01038-LJO -GBC (PC)<br><br>ORDER DENYING MOTION TO LEAVE TO SERVE ADDITIONAL INTERROGATORIES<br><br>(Doc. 35) |

    Plaintiff Kevin Gunn ("Plaintiff") is a state prisoner proceeding in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed March 6, 2009. (Docs. 14, 15).

    On March 15, 2010, Plaintiff filed a motion seeking leave to propound additional discovery because he has already propounded the maximum number of interrogatories that he is permitted, pursuant to Fed.R.Civ.P. 33(a). Plaintiff bears the burden of demonstrating the need for additional interrogatories. *See Waterbury v. Scribner*, 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, *8 (E.D. Cal. May 8, 2008) (particularized showing required) (citing *Archer Daniels Midland Co. v. Aon Serv. Risk, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. Jun. 7, 1999)); *Williams v. County of Sacramento Sheriff's Dept.*, No. CIV S-03-2518 FDC DAD P, 2007 WL 587237, *2 (E.D. Cal. Feb. 26, 2007) (plaintiff bears burden of establishing need for additional interrogatories and that information sought is not duplicative).

    Plaintiff bases this motion upon his contention that Defendant Nunley has "'information'

1  that is reasonably calculated to lead to the discovery of relevant admissible evidence regarding
2  Nunley's decision to use force upon plaintiff." (Doc. 35, at ¶ 2). As noted in the Defendants'
3  response, Plaintiff as not demonstrated that the standard twenty-five interrogatories allowed are
4  insufficient nor has he identified what additional discovery he needs. Merely stating that Defendant
5  Nunez has "information" which could lead to other relevant admissible evidence is insufficient to
6  support Plaintiff's burden to prevail in his request for leave to serve additional interrogatories.
7       Therefore, Plaintiff's motion for leave to serve additional interrogatories is DENIED.

IT IS SO ORDERED.

Dated:    March 28, 2011

UNITED STATES MAGISTRATE JUDGE