# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN,<br><br>                 Plaintiff,<br><br>   v.<br><br>JAMES TILTON, et al.,<br><br>                 Defendants.<br>_____/ | CASE NO. 1:08-cv-01038-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT FILED ON NOVEMBER 29, 2010.<br><br>(Docs. 52, 54) |

       Plaintiff Kevin Gunn ("Plaintiff") is a state prisoner proceeding in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. On March 6, 2009, Plaintiff filed his First Amended Complaint (Doc. 14). The Court subsequently ordered Defendants Correctional Sergeant Coontz and Correctional Officers Medina (Garza), Nunley, Phipps, and Robb to answer Plaintiff's First Amended Complaint. Defendants filed their Answers on August 14, 2009 (Doc. 22) and August 21, 2009 (Doc. 23). On December 24, 2009, Plaintiff filed a motion for leave to file an amended complaint (Doc. 28) pursuant to FED. R. CIV. P. 15(a), and lodged his Second Amended Complaint (Doc. 29). After a detailed analysis of Plaintiff's lodged amended complaint (Doc. 29), the Court concluded that Plaintiff could "amend his complaint to 'clarify important, but correctable defects regarding the conduct of the defendant[s] who were involved in violating his Constitutional rights,'" but did not allow Plaintiff to add Warden Gonzales as a defendant. (Doc. 57).

       Plaintiff's proposed second amended complaint, lodged on December 24, 2009, was

1  the subject of Plaintiff's motion to amend and it was reviewed by the Court in determining
2  whether leave to amend should be granted.  Plaintiff's motion was granted in part, but for
3  reasons unclear from the record, the Clerk's Office was not directed to file in that proposed
4  pleading.  Instead, Plaintiff was directed to file a second amended complaint within thirty
5  days and when he ultimately did so on November 29, 2010, that pleading differed from the
6  proposed pleading reviewed by the Court.  Because the December 24 proposed pleading
7  should have been filed and the order clearly did not contemplate allowing Plaintiff leave to
8  draft and file a different pleading, the Court recommends that Plaintiff's second amended
9  complaint filed on November 29, 2010, be stricken from the record and the proposed second
10 amended complaint lodged on December 24, 2009, be filed.

11        Based on the foregoing, the Court HEREBY RECOMMENDS that:
12        1.    Defendants' motion be strike be granted to the extent that it is consistent with
13              the above findings and recommendations (Doc. 54);
14        2.    Plaintiff's additional Second Amended Complaint, filed on October 25, 2010
15              be stricken from the record (Doc. 52); and
16        3.    Defendants be given thirty (30) days to amend or supplement their motion for
17              summary judgment or to file a notice of intent not to supplement.

18   These Findings and Recommendations will be submitted to the United States District Judge
19   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
20   **days** after being served with these Findings and Recommendations, the parties may file written
21   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
22   Findings and Recommendations."  The parties are advised that failure to file objections within the
23   specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d
24   1153 (9th Cir. 1991).

25
26   IT IS SO ORDERED.
27
     Dated:   July 19, 2011
28                                                      UNITED STATES MAGISTRATE JUDGE