IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN, | 1:08-cv-01038-LJO-SAB-(PC) |
| Plaintiff, | ORDER DENYING MOTION FOR ADDITIONAL DISCOVERY AND MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| JAMES TILTON, et al., | |
| Defendants. | |
| | (CM ECF NO. 106) |

Plaintiff Kevin Gunn ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is Plaintiff's Acknowledgment of Order Permitting Plaintiff Opportunity to Withdraw Opposition and File Amended Opposition in Light of Separately Issued Summary Judgment Notice, filed on September 5, 2012 (hereinafter referred to as "Plaintiff's September 5 Motion"). (ECF No. 106.) Plaintiff's September 5 Motion requests an extension of time to file an amended opposition to Defendants' motion for summary judgment and additional time to conduct discovery.

**I.    Procedural History**

The relevant procedural history is as follows: Defendants filed a motion for summary

judgment on May 19, 2010. (ECF No. 41.) After several requests for extensions of time, an amended complaint, a motion to strike the amended complaint, and Plaintiff's appeal of the order granting the motion to strike, Plaintiff filed an opposition to Defendants' motion for summary judgment on July 31, 2012. (ECF Nos. 100-103.)

On August 6, 2012, Defendants submitted a Rand warning[1] to Plaintiff and requested that Plaintiff receive a 30-day extension of time to file a revised opposition in light of the Ninth Circuit's opinion in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).[2] (Doc. #104.) On August 7, 2012, the Court ordered Plaintiff to elect to stand on his previously filed opposition, or to withdraw his prior opposition and file an amended opposition within twenty-one days. (ECF No. 105.) Plaintiff's September 5 Motion seeking additional time to file an amended opposition was filed 29 days after the Court's order.

Upon review of the docket, it appears that both Defendants and the Court overlooked the fact that, on May 25, 2010 (six days after Defendants' motion for summary judgment was filed), District Judge John M. Roll issued a Rand warning to Plaintiff. (ECF No. 43.) Accordingly, Defendants' August 6, 2012 Rand warning was superfluous.

## II.     Plaintiff's Request for an Extension of Time to File Opposition

Plaintiff requests an extension of time to file an amended opposition to Defendants' motion for summary judgment. However, the Court's order permitting Plaintiff to file an amended opposition was issued in error, because Plaintiff received a proper and timely Rand notice on May 25, 2010 and there was no other cause to grant Plaintiff the opportunity to withdraw his previously filed opposition and file an amended opposition. Accordingly, the

---

[1] A Rand warning or Rand notice is provided to pro se prisoner litigants in light of the Ninth Circuit's decisions in Kingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1997), which required the court or the moving parties to advise pro se prisoner litigants of the requirements needed to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934, 938 (9th Cir. 2012).

[2] In Woods, the Ninth Circuit held that pro se prisoner litigants must receive Rand warnings "at the time when the defendants' motions [for summary judgment] are made, not a year or more in advance." Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012). "The failure to provide adequate Rand notice is a ground for reversal...." Id. at 941.

2

1  Court will vacate its August 7 order.  See City of Los Angeles, Harbor Div. v. Santa Monica
2  Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) ("'As long as a district court has jurisction over
3  the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an
4  interlocutory order for cause seen by it to be sufficient,'" emphasis in original); Abada v.
5  Charles Schwab & Co., Inc. 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) ("District courts retain
6  inherent authority to revise interim or interlocutory orders any time before entry of judgment.").

7      Moreover, the Court notes that Plaintiff's request for an extension of time was untimely,
8  because Plaintiff's opposition was due August 31, 2012[3] and Plaintiff did not request additional
9  time until September 5, 2012.  Plaintiff's September 5, 2012 fails to explain why Plaintiff's
10 request was not made before the deadline expired.  See Fed. R. Civ. Proc. 6(b)(1)(B) (time may
11 be extended "on motion made after the time has expired if the party failed to act because of
12 excusable neglect.").

13     Based on the foregoing reasons, the Court will deny Plaintiff's request for an extension
14 of time to file an amended opposition to Defendants' motion for summary judgment and vacate
15 its August 7, 2012 order granting Plaintiff leave to file an amended opposition.

16     **III.**    **Plaintiff's Request for Additional Discovery**

17     Plaintiff's September 5 Motion also requests leave to conduct additional discovery.  Per
18 the Court's October 28, 2009 modified scheduling order, discovery closed on April 19, 2010.
19 (ECF No. 27.)  Plaintiff's September 5 Motion fails to establish excusable neglect explaining
20 why Plaintiff's request to extend the discovery deadline was not made before the discovery
21 deadline expired.

22     Deadlines established by pretrial scheduling orders "can only be modified 'upon a
23 showing of good cause.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087
24 (9th Cir. 2002)(quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.
25 1992)).  "The pretrial schedule may be modified 'if it cannot be reasonably be met despite the

26 ─────────────

27     [3]Plaintiff was ordered to file his opposition within 21 days of August 7, 2012 and Federal
    Rule of Civil Procedure 6(d) adds an additional 3 days time if the order establishing the deadline
28 is served by mail.

diligence of the party seeking the extension.'" Id. (quoting Johnson, 975 F.2d at 609). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id. (quoting Johnson, 975 F.2d at 609). To demonstrate the necessary diligence, the party requesting an extension must show that noncompliance with the deadline occurred "notwithstanding [his or] her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

The additional discovery sought by Plaintiff includes photographs of the areas of the prison where the incident alleged in his complaint occurred and diagrams of the prison. Irrespective of the relevance of these photographs and diagrams, Plaintiff has failed to demonstrate adequate diligence on his part in seeking the production of these documents.

Discovery closed over two and a half years ago. In his reply, Plaintiff admits that he requested the production of the above described documents from Defendants during discovery, but Defendants responded with objections and did not produce responsive documents. (Pl's Reply to Defs.' Opp'n to Pl's Req. for Further Disc. 2:25-3:4.) Instead of diligently filing a motion to compel production of the photographs and diagrams after Defendants failed to produce them, Plaintiff did not raise the issue until now. Plaintiff has been aware of the documents in question for over two and a half years, yet neglected to take appropriate action to compel their production until long after the deadline for conducting discovery expired. Plaintiff fails to identify "the development of matters which could not have been reasonably foreseen or anticipated." Accordingly, the Court finds that Plaintiff has not demonstrated the diligence necessary to justify leave to conduct additional discovery.

### IV. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's August 7, 2012 Order Permitting Plaintiff Opportunity to Withdraw Opposition and File Amended Opposition in Light of Separately-Issued Summary Judgment Notice is VACATED;

2. Plaintiff's request for an extension of time to file an amended opposition to

4

    Defendants' motion for summary judgment is DENIED.  The Court will consider Plaintiff's opposition filed on July 31, 2012 when ruling on Defendants' motion for summary judgment;

3. Defendants are ordered to file their reply, if any, to Plaintiff's July 31, 2012 opposition **within twenty (20) days of the date of service of this order.**  If no reply is filed within twenty (20) days, the matter will be deemed submitted; and

4. Plaintiff's request for leave to conduct additional discovery is DENIED.

IT IS SO ORDERED.

Dated: **January 11, 2013**     /s/ **Stanley A. Boone**
                  UNITED STATES MAGISTRATE JUDGE