# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN, | Case No. 1:08-cv-01038-LJO-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| JAMES TILTON, et al., | (ECF No. 41) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

## I.

## PROCEDURAL HISTORY

Plaintiff Kevin Gunn ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 18, 2008. This action is proceeding against Defendants Nunley and Medina[1] for excessive force in violation of the Eighth Amendment and against Defendants Medina, Nunley, Coontz, Phipps, and Robb for conspiracy to violate Plaintiff's due process rights. Plaintiff's claims arise out of an incident on March 24, 2007 at California Correctional Institution, Tehachapi, California ("CCI-Tehachapi").

On May 19, 2010, Defendants filed a motion for summary judgment. (ECF No. 41.) On

---

[1] It appears that the parties interchangeably refer to Defendant Medina as Defendant Garza. Plaintiff's complaint names Jennifer A. Medina, and as such, the Court will only refer to this party as Defendant Medina.

1

July 31, 2012, Plaintiff filed an opposition. (ECF No. 102.) On August 6, 2012, the Court issued an order permitting Plaintiff opportunity to withdraw his opposition and file an amended opposition in light of Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). (ECF No. 102.) On August 7, 2012, the Court vacated its order allowing Plaintiff to file an amended opposition in light of a separately issued summary judgment notice. (ECF No. 105.) On January 30, 2013, Defendants filed a reply. (ECF No. 112.)   On February 25, 2013, Plaintiff filed a surreply. (ECF No. 113.) Defendants' motion for summary judgment has been submitted upon the record, and these findings and recommendations now issue. Local Rule 230(*l*).

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).   Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If

Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011), cert. denied, 132 S.Ct. 1566 (quotation marks and citation omitted). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### III.

### SUMMARY OF POSITIONS

A.     **Plaintiff's Allegations[2]**

Plaintiff claims that his Eighth Amendment rights were violated when prison officials used excessive force against him and then conspired to violate his due process rights by filing false rules violation reports. Plaintiff's alleges excessive force claims against Defendants Medina and Nunley and conspiracy claims to violate his due process rights against Defendants Medina,

---

[2] Plaintiff's amended complaint is verified and therefore, it is treated as an opposing declaration to the extent it is based on Plaintiff's personal knowledge of specific facts which are admissible in evidence. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004).

3

Nunley, Coontz, Phipps, and Robb.

On March 24, 2007, at approximately 6:00 p.m., Plaintiff was in the dining hall for the evening meal. Pl's Compl. at 3, ECF No. 29.[3] Plaintiff noticed that the beverage dispenser was empty asked Defendant Nunley if it would be refilled. Id. Defendant Nunley replied, "Take your glasses off." Id. Plaintiff asked if there was a problem, to which Defendant Nunley replied, "Take your fucking glasses off!" Id. at 4. Plaintiff took off his glasses as ordered and walked away to avoid any type of confrontation with Defendant Nunley. Id.

As Plaintiff walked through the dining room, Defendant Nunley appeared behind him and told him to "cuff-up." Id. Plaintiff placed his meal tray at the nearest table and immediately placed his hand behind his back to comply with orders. Id. Plaintiff told Defendant Nunley that he would need bigger cuffs due to the size of Plaintiff's wrists. Id. Without warning, Defendant Nunley hit Plaintiff in the back of his right calf with his baton. Id. Plaintiff kept his back to Defendant Nunley in a non-threatening manner even after being hit. Id. Defendant Nunley hit Plaintiff again with such force that he lost control of the baton and it fell to the floor. Id. Defendant Nunley immediately placed his right arm around Plaintiff's neck and grabbed the back of Plaintiff's shirt with his left hand. Id. Next, Defendant Nunley violently slammed Plaintiff to the floor. Id. Plaintiff landed directly on his back, causing him severe and unbearable pain. Id. at 5. Plaintiff rolled onto his stomach in "prone position" with his hand behind his back. Id. Defendant Nunley sat on Plaintiff's back and tried to physically force handcuffs around Plaintiff's wrists, but they would not fit. Id. Plaintiff repeatedly told Defendant Nunley that the handcuffs did not fit and that they were digging into his skin. Id. Defendant Nunley ignored Plaintiff's requests and forced the handcuffs onto Plaintiff's wrists. Id.

---

[3] Unless otherwise noted, all page numbers in record citations will refer to the ECF page number in the upper right-hand corner of the page

Plaintiff heard a "code 1" alarm go off and other officers arrived at the scene. Id. at 5-6. Defendant Medina arrived on the scene after the alarm sounded. Id. at 6. While Plaintiff was still handcuffed and lying on his stomach without resisting, Defendant Medina sprayed him directly in the face with O.C. pepper spray. Id. Defendants Phipps, Coontz, and Robb all arrived to the scene after the alarm sounded. Id. Defendants Medina and Robb then escorted Plaintiff out of the dining hall to a holding cage to be evaluated by medical staff. Id.

While Plaintiff was in the holding cell, he overheard Defendants Nunley, Medina, Phipps, and Robb talking about what happened and sharing information to put on the crime incident report. Id. at 11. Defendant Coontz entered the room and told them to include the correct information to "lock his ass up" to "teach him a lesson." Id. at 11-12. Defendants Phipps, Robb, and Coontz were not present to see the incidents involving Defendants Nunley and Medina. Id. at 16. Defendants intentionally conspired to falsify the crime incident reports to "obstruct the due course of justice. Id.

As a result of the falsified incident reports, Plaintiff was placed in Administrative Segregation ("Ad-Seg"). Id. at 17. Plaintiff was issued a rules violation report for conduct requiring the use of force. Id. Prison officials conducted a disciplinary hearing to adjudicate the rules violation report and Plaintiff was given the opportunity to present a defense. Id. Plaintiff was found not guilty during the hearing and the rules violation report against Plaintiff was dismissed. Id. at 19.

**B.     Undisputed Facts**

1.     The only claim Plaintiff is asserting against Defendants Coontz, Phipps, and Robb is conspiracy to violate Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by falsifying their incident reports. (Angus Decl. Ex. A at 66:9-22, 67:15-19, 72:2-8; Ex. B at Nos. 1, 5-6; Ex. C at Nos. 1, 5-6; Ex. D at Nos. 1, 5-6.)

2. Plaintiff claims that as a result of Defendants Coontz, Phipps, and Robb falsifying their reports, Plaintiff was placed in administrative segregation without due process of law. (Angus Decl. Ex. A at 66:9-22, 71:13-19.)

3. Neither Defendants Coontz, Phipps, nor Robb participated in the alleged use of force on Plaintiff on March 24, 2007. (Ex. A at 67:23-69:10, 71:22-72:8; Ex. B at 5-6, 14, Errata; Ex. C at No. 5-6, 14; Ex. D at 5-6, 14.)

### C. Summary of Defendants' Motion for Summary Judgment

Defendants' motion for summary judgment addresses only the claim for conspiracy to deprive Plaintiff of his due process rights. Defendants argue that the conspiracy and due process claims against all Defendants must be dismissed as a matter of law. Memo. of P.&.A. in Supp. of Defs' Mot. Summ. J. at 5, ECF No. 41-1. Defendants argue that Plaintiff's conspiracy allegations fail to meet the heightened pleading standards for conspiracy allegations in civil rights cases. Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997) ("In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their compliant nonconclusory allegations containing evidence, [either direct or circumstantial], of unlawful intent."). Memo. of P.&.A. in Supp. of Defs' Mot. Summ. J. at 5. Additionally, a conspiracy claim is not a constitutional tort under § 1983 and there must be an underlying constitutional violation.

Defendants argue that Plaintiff has no underlying due process claim. Id. Plaintiff did not have a liberty interest in avoiding Ad-Seg. Id. at 6. It is not unreasonable for prison administrators to confine an inmate to greater security pending an investigation of misconduct, provided a hearing is held thereafter. See Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). Moreover, even if Plaintiff did have a liberty interest, Plaintiff was provided due process. Memo. of P.&.A. in Supp. of Defs' Mot. Summ. J. at 7. Plaintiff was provided with notice of the charges

6

against him in the Rules Violation and was subsequently provided with a hearing to adjudicate the claims against him.  Id.  Following the hearing, Plaintiff was cleared of the charges.  Id.  Accordingly, Plaintiff cannot prevail on his claim for conspiracy to violate his due process rights and the claim should be dismissed.

### D. Summary of Plaintiff's Position

Plaintiff argues that material issues of fact preclude granting Defendants' motion for summary judgment.  Plaintiff first focuses on the disputed factual issues related to the excessive force claims against Defendants Nunley and Medina.  However, Defendants did not bring a motion for summary judgment on the excessive force claims.  Plaintiff's opposition mainly restates the facts from his complaint and focuses on the discrepancies in Defendants' incident reports and how Defendants falsified them.  Plaintiff does not directly address Defendants' argument that the conspiracy and due process claims fail as a matter of law.

## IV.

## DISCUSSION

### A. Conspiracy Claim

In order to allege a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.2002) (citing United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir.1989) (en banc)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Id. at 441. This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir.1999). A showing that defendants committed acts that "are unlikely to have been undertaken without an agreement" may support the inference of conspiracy. Id. In addition, a conspiracy to violate constitutional rights must be predicated on a

viable underlying constitutional claim. See Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir.2005). In addition, the claim requires "an actual deprivation of constitutional rights." Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir.2006). "The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage." Mendocino Envtl. Ctr., 192 F.3d at 1301. Moreover, Conspiracy is not itself a constitutional tort under § 1983. Lacy v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2010); see Cassettari v. Nev. Cnty, 824 F.2d 735, 739 (9th Cir. 1987). Accordingly, there must always be an underlying constitutional violation to accompany a conspiracy claim under § 1983. Lacy, 693 F.3d at 935.

Here, when liberally construing Plaintiff's complaint, Plaintiff has sufficiently alleged facts to state conspiracy claims against Defendants. Plaintiff alleges he heard Defendant Coontz tell Defendants Nunley, Medina, Phipps, and Robb to "get together and say the same story so we can bury this guy." Pl's Decl. at 5 ¶ 48. However, the issue is whether an underlying constitutional violation exists to accompany the conspiracy claim. As discussed in detail below, Plaintiff's Due Process claim fails as a matter of law. Even if true, Defendants' alleged conspiracy to falsify crime reports does not rise to a cognizable conspiracy claim because it did not lead to a violation of Plaintiff's rights. Accordingly, Plaintiff's conspiracy claim against Defendants fails because there is no constitutional violation underlying the conspiracy.

### B.    **Fourteenth Amendment—Due Process**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in

avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin, 515 U.S. 472. Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S.460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

Additionally, the decision to confine an inmate to administrative confinement only requires "some evidence" in support of the decision. Toussaint, 801 F.2d at 1105. When an inmate is confined to administrative segregation, due process requires that he be informed of the charges against him or the reason for his segregation, an informal nonadversary hearing must be held within a reasonable time, and the inmate must be allowed to present his views. Toussaint, 801 F.2d at 1100.

Here, Plaintiff's due process claim fails as a matter of law. First, Plaintiff fails to allege a liberty interest in avoiding being placed in Ad-Seg. Plaintiff's complaint is devoid of allegations that show Ad-Seg imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Wilkenson, 545 U.S at 221 (citing Sandin, 515 U.S. at 484)

(quotation marks omitted).  Simply the fact that Plaintiff was placed in Ad-Seg, without more, is not sufficient to state a liberty interest[4].  Additionally, even if Plaintiff had established a liberty interest, he was provided with due process.  Plaintiff was provided with notice of the charges against him in the rules violation and was subsequently provided with a hearing to adjudicate the claims against him.  Plaintiff was provided with an opportunity to defend himself on the charges against.  Following the hearing, Plaintiff was acquitted of the charges against him and released back into general population.  Accordingly, Plaintiff's due process claim against all Defendants fails as a matter of law.

## V.
## CONCLUSION AND RECOMMENDATION

In conclusion, the Court finds that no material factual disputes exist between the parties regarding whether Defendants conspired to violate Plaintiff's due process rights.

Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on May 19, 2010, be GRANTED in its entirety.[5]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty **(30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

//
//
//

---

[4] Plaintiff's surreply to Defendants' motion for summary judgment alleges for the first time that Plaintiff suffered an "atypical and significant hardship" by being placed in Ad-Seg. (ECF No. 113 at 5.)  However, Plaintiff's conclusory statement is made in an unauthenticated document that cannot be considered evidence.  Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987) ("[U]nauthenticated documents cannot be considered on a motion for summary judgment.").

[5] Defendants' motion for summary judgment does not address Plaintiff's excessive force claim against Defendants Nunley and Medina.  Accordingly, this claim shall proceed to trial.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 10, 2013**

UNITED STATES MAGISTRATE JUDGE