# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN,<br><br>           Plaintiff,<br><br>     v.<br><br>JAMES TILTON, et al.,<br><br>           Defendants. | Case No.: 1:08-cv-01038-LJO-SAB (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>**DATE: January 9, 2014 at 10:30 a.m. in Courtroom 9 (SAB)** |

Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 8, 2013, the Court issued an order requiring the parties to submit confidential statements concerning case selection for the prisoner settlement program. (ECF No. 122.) After review of the statements submitted by both parties, the Court has determined that this case would benefit from a settlement conference. Accordingly, this case will be set for a settlement conference on **January 9, 2014 at 10:30 a.m**. at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9 before the undersigned.

The parties will be required to file a signed Waiver of Disqualification (included below), or notice of non-waiver of disqualification, no later than **December 5, 2013**. If a notice of non-waiver of disqualification is filed, the Court will randomly select a Magistrate Judge to be assigned to conduct the settlement conference on a date and time to be determined by the court.

1

In accordance with the above,

IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on **January 9, 2014 at 10:30 a.m.** at the U.S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #9.

2. Parties are required to file a signed waiver of Disqualification, or notice of non-waiver of disqualification, no later than **December 5, 2013**. If parties file a notice of non-waiver of disqualification, a randomly selected Magistrate Judge will conduct the settlement conference on a date and time to be determined by the court.

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5. Each party shall provide a confidential settlement statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, or by email to spark@caed.uscourts.gov, so they arrive no later than December 26, 2013 and file a Notice of Submission of Confidential Settlement Statement (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the court **nor served**

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

**on any other party**.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e. The relief sought.

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g. A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated: **November 19, 2013**

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN,<br><br>                Plaintiff,<br><br>     v.<br><br>JAMES TILTON, et al.,<br><br>                Defendants. | Case No.: 1:08-cv-01038-LJO-SAB (PC)<br><br><br>WAIVER OF DISQUALIFICATION |

      Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Boone participate in the settlement conference scheduled for January 9, 2014. To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

                                                                      **_____**
                                                                      By:
                                                                           Plaintiff

                                                                       Dated:_____


                                                                      **_____**
                                                                       By:
                                                                           Attorney for defendants

                                                                       Dated:_____