UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES TILTON, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-01038-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>[ECF Nos. 124, 132] |

Plaintiff Kevin Gunn is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 26, 2013, Plaintiff filed a motion to stay the proceedings pending an interlocutory appeal filed in the United States Court of Appeals for the Ninth Circuit, in case number 13-17333.

However, on December 24, 2013, the Ninth Circuit dismissed Plaintiff's appeal in case number 13-17333, and transferred the action back to this Court for resolution of his motion for reconsideration of the denial of counsel by the Magistrate Judge on October 8, 2013. (ECF No. 133.) Thus, because the Ninth Circuit has dismissed the appeal and transferred the case back to this Court for resolution, Plaintiff's motion for a stay is MOOT.

Plaintiff's notice of appeal is construed as a motion for reconsideration by the undersigned pursuant to Rule 72 of the Federal Rule of Civil Procedure and Local Rule 303, as instructed by the

1  Ninth Circuit.  In his motion, Plaintiff argues the following: 1) he has not articulated his claims well
2  because he has had several motions denied; 2) he has become depressed, overwhelmed, and required
3  medical care in anticipation of the case proceeding to trial; 3) he is unfamiliar with the requirements
4  for discovery, witness examination, and application of the rules of evidence; 4) he is unemployed,
5  indigent, and cannot afford to hire an expert; 5) there are 80 witnesses to this action which presents a
6  major problem because he does not have the ability to ascertain each witnesses location; and 6) the
7  case involves complex legal issues.

8   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district
9  court.  The rule permits a district court to relieve a party from a final order or judgment on various
10 grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered
11 evidence; 3) fraud or misconduct by an opposing party; 4) a void judgment; 5) a satisfied judgment; or
12 6) any other reason that justifies relief from the judgment.  Fed. R. Civ. P. 60(b).  Motions to
13 reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d
14 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed,
15 a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its
16 prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.
17 Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  Further,
18 when filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or
19 different facts or circumstances are claimed to exist which did not exist or were not shown upon such
20 prior motion, or what other grounds exist for the motion," as well as "why the facts or circumstances
21 were not shown at the time of the prior motion."

22  Plaintiff's motion for reconsideration must be denied.  The fact that some of Plaintiff's motions
23 have been denied does not demonstrate that counsel is necessary.  In addition, the lack of knowledge
24 of the applicable procedures for proceeding to trial does not warrant the appointment of counsel.
25 Plaintiff has failed to demonstrate any circumstances different from any other Plaintiff who is
26 proceeding pro se.  As stated in the Magistrate Judge's October 8, 2013, order denying the
27 appointment of counsel,
28

In the present case, the court does not find the required exceptional circumstances. Even if it [is] assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitled him to relief, his case is not exceptional. Plaintiff alleges an Eighth Amendment claim against two defendants for using excessive force. The legal issues present in this action are not complex, and Plaintiff has articulated his claims numerous times in pleadings filed in the action. The Court does not find exceptional circumstances to warrant appointment of counsel in this case.

(ECF No. 123 at 2.)

Plaintiff's case is not complex, and he has failed to show any extraordinary circumstances, changed facts or circumstances, or other grounds for relief to warrant reconsideration, and the Magistrate Judge's order was neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's motion for reconsideration must be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a stay of the proceedings is DENIED as MOOT; and

2. Plaintiff's motion for reconsideration of the Magistrate Judge's October 8, 2013, order denying the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **December 31, 2013**        /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE